Turley, J.
delivered the opinion of the court.
This is an action of debt brought against the defendant in error upon the contract of his testator Thomas H. Perkins, which contract is in the words following: “On or before 1st January next I promise to pay to Hardin Perkins, executor of Daniel Perkins, deceased, two hundred dollars, provided the heirs of said Daniel Perkins shall execute a quit-claim deed to me, my heirs or assigns, to and for a certain lot in the town of Franklin, formerly owned by me and Wm. Short. 6th July! 1837. T. H. Perkins. [Seal.]”
To this suit, defendant pleaded, among other things, that the heirs of Daniel Perkins did not execute a quit-claim deed to Thomas H. Perkins, his heirs or assigns, before the commencement of this suit, for the lot mentioned in the writing obligatory. On the trial, the plaintiff proved that a quit-claim deed for the premises had been executed by a portion of the heirs of Daniel Perkins; and proposed to prove by his will, that they were the sole owners of the lot as devisees under the will. This the court refused to permit, and we think correctly. The defendant’s intestate had contracted for a conveyance from all the heirs: and upon what principle could the court change his con *342 tract, and force him to be charged upon a conveyance from a part? Upon the principle it is argued that this part were the real owners as devisees of the whole property contracted to be conveyed, and that no benefit would have been received from a conveyance by the others. How could it be known that they were devisees? From an inspection of the will? Surely not. It might have been denied that the will was a valid one. Was an issue to be made up to try the question in an action of debt? It would have presented a strange spectacle. But it is all sufficient to say, the defendant’s testator had the right, if he did not think proper- to trust to a conveyance from the devisees under the will, to contract for one from the heirs at large; and that having done so, he cannot be compelled to pay the money, until the terms of the contract have been complied with by the plaintiff.
Let the judgment be affirmed.